STATE OF NEW YORK                                    EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS
----------------------------------------------------------------------X
(State Division of Human Rights on the complaint of)
Ronald Hansen
                                        Petitioner

        -against-

State of New York; New York State
Department of Correctional Services
Sing Sing Correctional Facility          Respondent

----------------------------------------------------------------------X
TITLE VII:

I Ronald Hansen, 81 Monitor Street Apt. 1R, Brooklyn, New York 11222-4736. Telephone
(917) 697-1076. Charge the above-named Respondent address is 354 Hunter Street, Ossining,
New York 10562. Telephone (914) 941-0108, with an unlawful discriminatory employment
practice relating to employment in violation of Article 15 of the Executive Law of the State of
New York (Human Rights Law) because of opposing Disability Discrimination, Retaliation,
Terms and Conditions of Employment.

1.      I'm an Irish/ Italian male that obtained a work related injury. I've opposed disability
        discrimination practices.

2.      I've been employed by respondents since July 28, 1997, my performance evaluations have
        been good/excellent.

3.      Respondents have engaged in disability discrimination practices and retaliation, for
        reporting such violation of New York State Workers' Compensation Law Section 137 and
        the contractual agreement between, the State of New York and NYSCOPBA, Article
        14.9. The Respondents actions have caused me loss of salary, loss of vacation accruals,
        loss of sick accruals and two fraudulent notices of disciplines, requesting dismissal from
        service.

4.      On 6/20/05, I obtained a work related injury involving a use of force with an inmate. I
        agreed to participant in Respondents workers' compensation program, covered under
        **§ 14.9 Workers' Compensation Leave:**
        **The Medical Evaluation Program (MEP) for workers' compensation will be**
        **continued. Employees opting into the MEP will receive the benefits provided herein.**
        **Those employees opting not to participate in the MEP will be eligible to apply for**
        **the statutory workers' compensation benefits. A light duty component shall be part**
        **of the MEP.**

An employee necessarily absent from duty because of occupational injury or disease as defined in the Workers' Compensation Law who is allowed leave from his position for the period of his absence necessitated by such injury or disease shall be: (1) first granted compensation leave with pay without charge to leave credits not exceeding cumulatively six months; and (2) upon exhausting leave pay benefits under (1) above be allowed to draw accrued leave credits; and (3) upon exhausting leave with full pay benefits under (1) and (2) above be allowed sick leave at half pay for which he may be eligible during such leave unless: (i) there is good and sufficient reason to believe that the disability resulting from such injury or disease is not job related or is primarily due to some pre-existing medical condition; (ii) there is good and sufficient reason to believe that the employee could report for work on a full-time or part-time basis; (iii) the employee's services would have been terminated or would have ceased under law; or (iv) the employee's claim for benefit is controverted by the State Insurance Fund.

5.    The Respondents didn't controvert my workers' compensation claim and originally provided me with contractual benefits. On 8/8/05, I was directed by Lt Kerrigan to report to DSS Lee, to discuss an outside arrest. I attempted to comply with the direction. However, based on the injuries which included: head, neck and back. I was unable to drive to SSCF, and I attempted to contact Lt Kerrigan. He wasn't available. I contacted Al Rodgers at SSCF and Jeffrey Kennedy.

6.    I sought medical assistance and my union steward provided a memorandum, explaining the situation. I'd agreed, pursuant to the employee's manual, to provide a written memorandum concerning outside arrest on 8/10/05. An employee is required to report, in writing, an outside arrest. No later than, the first day of returning to work.

7.    On 8/10/05, I faxed to Respondents, report of employee arrest, police report and medical note from my doctor, to Sgt. Belcher. The Respondents provided no medical information to dispute my doctor's findings. On or about 8/10/05, DDS Lee submitted an interoffice email communication. Removing me from worker's compensation benefits.

8.    On 8/11/05, I received a notice of discipline, for violation of the employee's manual. The Respondents stated, "On 8/8/05, you were given a direct order by Lt. Kerrigan to report to Sing Sing Correctional Facility, on Tuesday 8/9/05 you fail to comply with that direction, nor did you contact the facility with an explanation." The notice of discipline, contained inaccurate information. In assessing the proposed penalty, you were disciplined on a prior occasion for off duty conduct.

9.    In accordance with the contractual agreement between, State of New York Article 8 Discipline. The notice of discipline served on the employee, shall contain a detail description of the alleged acts and conduct including reference to dates, times and places. The conduct for which discipline is being imposed and the penalty proposed was based on previous discipline. However, I've not been discipline.

The conduct for which discipline is being imposed and the penalty proposed was based on previous discipline. However, I've not been discipline.

Based on the foregoing, I charge the above-named NYSDOCS with an unlawful discriminatory practice related to, opposing Disability Discrimination, Retaliation, Terms and Conditions of Employment.

I have not commenced any other civil or criminal action nor do I have action pending before any administrative agency under any law of this state based upon this same unlawful discriminatory practice.

I also charge the above-named NYSDOCS with opposing Disability Discrimination, Retaliation, Terms and Conditions of Employment and Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitation contained in Title VII.

**STATE OF NEW YORK**         ) §:
**COUNTY OF WESTCHESTER**       )

Ronald Hansen. , being duly sworn, deposes and says: that he is the complainant herein; that he has read the foregoing complaint and knows the content thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; that as to those matters, he believes to be true.

Subscribed and sworn to me

this day 27 of Oct 2005

Notary Public

DONNA N. RUZZI
Notary Public, State of New York
No. 01RU5045337
Qualified in Rockland County
Commission Expires June 12, 2007

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Ronald Hansen
81 Monitor Street #1R
Brooklyn, NY 112224736

EEOC Charge Number: 16GA600440
NYSDHR Case Number: 10108571

### NOTICE

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR). The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed. Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC). All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[X] Title VII of the Civil Rights Act of 1964, as amended — If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires. If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[X] The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

[ ] The Age Discrimination in Employment Act of 1967, as amended (ADEA) — If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights. This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: November 1, 2005

Page 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

## EEOC REVIEW PROCEDURE

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review. This request must be done in writing to the EEOC and within fifteen (15) days from the date you received the New York State Division of Human Rights final determination. Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only. Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: November 1, 2005

Page 2